REGAN, Judge.
The plaintiff, Thomas E. Hirstius, filed this suit against the defendants, Leonard *702 B. Keller and Liberty Mutual Insurance Company, endeavoring to recover the sum of $3,056.50, representing damages for personal injuries and medical expenses which he asserts were incurred by him as a result of Keller’s negligent operation of his vehicle in colliding with the rear of an automobile while it was stopped and in which he was a guest passenger.
The defendant answered, denied their negligence, and alternatively asserted the fault of the operator of the automobile in which the plaintiff was a passenger in bringing his vehicle to a sudden stop without initially manifesting the proper warning.
Following a trial on the merits, a judgment was rendered in favor of the plaintiff in the amount of $750.00, and from that judgment, the defendants have prosecuted this appeal.
This case was consolidated with a similar suit entitled “Joseph Clark and Fireman’s Fund Insurance Company v. Leonard B. Keller and Liberty Mutual Insurance Company” wherein Joseph Clark endeavored to recover the amount of $15,311.43 for damages sustained by him as a result of the same collision. He asserted therein that his injuries were caused by the negligence of Keller in the operation of his motor vehicle.[1]
The record discloses that Hirstius, the guest passenger in the car driven by Clark, obtained treatment from Dr. Robert Mc-Hardy two days after the occurrence of the accident. Dr. McHardy diagnosed his injuries as a muscle spasm and treated him with ultrasound therapy and muscle relaxing drugs for a period of approximately two weeks and then discharged the patient.
The only question posed for our consideration with respect to Hirstius is whether the trial court abused its disci'etion in awarding the sum of $750.00 for the injuries incurred by him as a result of this accident.
Suffice it to say that an analysis of the evidence contained in the record reveals that the plaintiff’s injuries were undisputed, and that the medical evidence was sufficient to warrant the award made by the trial judge.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendants are to pay all costs of this appeal.
Affirmed.

. In this court it was stipulated that the defendant was at fault and that the plaintiffs were not guilty of any negligence which contributed to the accident.